**Bodo FISCHER**

v.

**ZONING BOARD OF THE TOWN OF CHARLESTOWN et al.**

**No. 97–337–Appeal.**

Supreme Court of Rhode Island.

Jan. 22, 1999.

Robert J. Healey, Jr., Warren, for plaintiff.

Philip M. Sloan, Jr., for defendant.

Present: LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

Both parties in this appeal were ordered to appear before a panel of this Court on November 17, 1998 and to show cause why the issues raised in the plaintiff's appeal from a Superior Court judgment finding no violation of the Open Meetings Act (G.L.1956 chapter 46 of title 42) (act) should not be summarily decided. That finding had been made by a Superior Court trial justice sitting without a jury and upon stipulated facts.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issue raised in the appeal will be decided at this time.

The plaintiff, Bodo Fischer (Fischer), had requested zoning relief from the defendant, the Zoning Board for the Town of Charlestown (board). The board denied that relief. On April 5, 1993, a Superior Court trial justice reversed the decision of the board and ordered the board to grant the requested relief. The case then was remanded to the board with directions to do so.

On May 10, 1993, the town solicitor for the Town of Charlestown prepared a memorandum that was distributed to members of the board. That memorandum explained both the reasons for the Superior Court's reversal of the board's decision as well as the action that the Superior Court had ordered the board to take. The solicitor in his memorandum informed the board members that he would be available for any questions prior to the next scheduled meeting of the board if any board members had questions concerning the Superior Court decision. On May 27, 1993, just prior to a scheduled meeting of the

board, the solicitor met with one or two members of the board in the cafeteria of the Town Hall. It is unclear whether those two members of the board met individually or at the same time with the solicitor. The notes of the May 27, 1993 board meeting, as recorded by the town clerk, who was not present when the solicitor met with the two board members, however, reported that the conferences between the board members and the solicitor were "executive sessions," which if true might be subject to the Open Meetings Act.

Based on that unintentional but erroneous record of the nature of the meeting, Fischer then filed a Superior Court action alleging therein a violation of the act, as set forth in chapter 46 of title 42. That chapter provides that in order for the act to apply, a "public body" must convene and there must be a "quorum" of members present. Section 42–46–2(a) and (d). The Superior Court trial justice, at hearing on the complaint, found that the requirements of § 42–46–2(a) and (d) had not been met and that therefore, the act did not apply. Consequently, he concluded that there was no violation of that act. We agree.

On the agreed facts submitted by the parties to the trial justice, we conclude that there was no error on the part of the trial justice. Notwithstanding the town clerk's unintentional but erroneous interpretation of the nature of the conference or conferences between the solicitor and one or two of the board members, there was never any convening of a meeting of a public body as envisioned by the act and no quorum for such a meeting was ever present. Furthermore, there was no public business that was transacted at the conference or conferences between the solicitor and the two board members. Unfortunately, as noted earlier, the town clerk recorded the solicitor's offer to explain any questions arising from his memorandum to the board members (stemming from the earlier Superior Court decision) as a request for a closed public board meeting. However, all parties agree that there was never any such request actually made by the solicitor and in fact, no such executive session ever convened.

Accordingly, for all the foregoing reasons, Fischer's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.

Chief Justice WEISBERGER and Justice GOLDBERG did not participate.